UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY AND NICHOLAS CHAD GONZALEZ | CIVIL ACTION |
| VERSUS | NO. 15-570 |
| PORTER, INC., D/B/A FORMULA BOATS | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is Defendant Porter, Inc's motion in limine to exclude any and all evidence regarding prior fires on other boats manufactured by defendant.[1] For the following reasons, defendant's motion is DENIED.

## I. BACKGROUND

This lawsuit arises out of a fire onboard the *Budget Bender*, a recreational boat owned by plaintiff Nicholas Chad Gonzalez, that occurred on or about December 21, 2013 and rendered the boat a total loss. The boat was insured by Atlantic Specialty Insurance Company, which paid Gonzalez $280,000 on his insurance claim. Plaintiffs assert claims against the boat's

---

[1] R. Doc. 59.

manufacturer, Porter, Inc., for redhibition, breach of contract, products liability, and negligence.[2] Plaintiffs allege that the fire was caused by an electrical malfunction attributable to corroded wiring in the port side of the boat.[3] According to plaintiffs, a gap along the edge of a wet bar in the boat's cockpit allowed water to flow downward and onto the wiring below, causing the corrosion.[4] Plaintiffs allege that this corrosion caused a short circuit that energized wires, causing them to overheat and eventually ignite a fire.[5]

In the Pre-Trial Order, plaintiffs listed certain trial exhibits related to a February 13, 2008 fire[6] on an identical model Formula boat not subject to this litigation.[7] The exhibits are as follows: (1) "Summary of Margolis Matter as Submitted by Mike Boyd"; (2) "Formula Dealer Service Bulletin" dated March 28, 2008; (3) "Ocean LED Letter to Formula Boats" dated March 27, 2008; and (4) "Formula Dealer Service Bulletin" dated March 10, 2008.[8] Defendant now moves to exclude this evidence and any other evidence related to prior fires on Formula boats.[9] Defendant argues this evidence

---

[2] R. Doc. 1-2 at 3-4.
[3] *Id.* at 2.
[4] *Id.*
[5] *Id.*
[6] Pls.' Ex. 39.
[7] R. Doc. 55 at 14.
[8] Pls.' Ex. 39; Pls.' Ex. 40; Pls.' Ex. 41; Pls.' Ex. 42.
[9] R. Doc. 59 at 1. Defendant's motion is focused on two fires, the 2008 fire and one that occurred in 2006. R. Doc. 59-1 at 3-4. The Pre-Trial

2

should be excluded because the earlier fire did not occur under conditions substantially similar to those that existed during the fire on the *Budget Bender*.[10]

## II. LEGAL STANDARD

Evidence of similar accidents can be admissible in a products liability case to show "the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980); *see also Bailey v. Oliver*, 504 So. 2d 152, 155 (La. App. 2 Cir. 1987) ("The jurisprudence, both state and federal, holds that evidence of prior, similar accidents may be extremely relevant in proving the defective and unreasonably dangerous nature of a product."). Under Fifth Circuit law, evidence of previous accidents is admissible at trial if it can be shown that (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure

---

Order includes only exhibits related to the 2008 fire, and plaintiffs have stated they have no intention of raising any issues related to the 2006 fire. R. Doc. 69 at 3. Therefore, this motion will address only the admissibility of evidence related to the 2008 fire.

[10] R. Doc. 59-1 at 2.

occurred at a time not too remote from the time of the failure in the accident central to the litigation. *Ramos*, 615 F.2d at 339 (quoting *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir. 1965)). Stated differently, the proponent of evidence of other accidents or occurrences must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue." *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986)). The question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to "any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 426 (5th Cir. 2006).

Of course, "[s]ubstantial similarity does not require an exact match." *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 638 (5th Cir. 2010). The "substantial similarity" requirement is relaxed to "reasonable similarity" if the earlier accident is offered only to show defendants' awareness of an arguably dangerous condition. *Johnson*, 988 F.2d at 580; *Willis v. KIA*

*Motors Corp.*, No. 07-062, 2009 WL 2351766, at *1 (N.D. Miss. July 29, 2009) ("[O]nly 'reasonably similar' incidents will be admissible for the purpose[ ] of establishing notice."); *see also Young v. Ill. Cent. Gulf R.R. Co.*, 618 F.2d 332, 339 (5th Cir. 1980) (noting that evidence of earlier accidents offered for the "sole purpose" of showing that defendant had notice of an "arguably dangerous" condition can be considered by the jury for the purpose of determining whether a reasonably prudent entity would have taken precautions against future accidents).

## III. DISCUSSION

It is clear from plaintiffs' response to this motion that plaintiffs do not seek to introduce this evidence for the sole purpose of showing that defendant had notice of the defective condition, and therefore do not challenge that the evidence must be substantially similar in order to be admissible. As the party seeking to introduce this evidence, the burden is on plaintiffs to establish substantial similarity. *See Johnson*, 988 F.2d at 579. The "substantially similar" predicate for the proof of similar accidents is defined "by the defect or . . . product[] at issue." *Jackson*, 788 F.2d at 1083 (internal parenthetical omitted).

The 2008 fire, which occurred on the same model boat as the *Budget Bender*, appears to have been caused by a defect in an underwater light driver attached to the boat.[11] The driver and underwater light itself were both manufactured by third-party vendors, not by defendant.[12] In the 2008 fire, for reasons unknown to defendant or to the driver manufacturer, a short circuit occurred in the connections between the driver and the light fitting which caused the electrical system to overheat and eventually start a fire.[13] Ocean LED, the driver manufacturer, noted that if either the driver or the boat's electrical system had "in-line fuse" protection, then the fire would likely not have occurred.[14] As a result, defendant put out a service bulletin instructing all owners of boats with the driver in question to replace it with a new driver which included in-line fuse protection.[15] This driver was replaced on the *Budget Bender* before Gonzalez purchased the boat.[16]

In arguing that the conditions of the *Budget Bender* fire are not substantially similar to the 2008 fire, defendant points out that, unlike here, the 2008 fire had no allegations of water intrusion or long-term corrosion

---

[11]   Pls.' Ex. 41.
[12]   R. Doc. 59-1 at 4.
[13]   Pls.' Ex. 41.
[14]   *Id.*
[15]   Pls.' Ex. 40.
[16]   R. Doc. 59-1 at 3.

6

causing the short circuit. Instead, as defendant argues, the fire was simply caused by the failure of a third-party component.[17] In response, and in contrast to many of its other responses to defendant in this litigation, plaintiffs assert that their theory of causation is that but for a lack of "short-circuit" protection in the boat's electrical system, the fire would not have occurred.[18] Therefore, plaintiffs allege that both the 2008 fire and the *Budget Bender* fire share the following in common: (1) a manufacturer's defect; (2) an unprotected short circuit; and (3) an electrical fire the cause of which defendant never determined.[19]

While the Court acknowledges that the 2008 fire and this fire are not without their differences, the Court finds that the two fires are substantially similar. Evidence of the 2008 fire is therefore admissible. Both fires involved identical model boats, were electrical in origin, and allegedly could have been prevented with additional short-circuit protection in the boats' electrical systems. Consistent with other cases in this circuit, the Court places more weight on the similarities between the two incidents, including

---

[17] *Id.*
[18] R. Doc. 69 at 6. While plaintiffs do not mention water intrusion at all in their response to this motion, plaintiffs' complaint does allege that the fire occurred in part because of the boat's "faulty electrical system." R. Doc. 1-2 at 3.
[19] *Id.*

7

the model of boat and alleged defect, than on their differences. *See Wells v. Robinson Helicopter Co.*, No. 12-564, 2015 WL 4066303, at *2 (S.D. Miss. July 2, 2015) ("In accordance with precedent [the court] has placed more weight on the similarities of the product involved and the alleged defect, and less weight on other features of the accidents.").

Courts in this circuit have generally found that when accidents or occurrences involve the same defect and the same product model, there is substantial similarity. *See, e.g., Soden v. Freightliner Corp.*, 714 F.2d 498, 508 (5th Cir. 1983) (finding substantial similarity between two fires with same model truck and same allegedly defective fuel system); *Scordill v. Louisville Ladder Group, LLC*, No. 02-2565, 2004 WL 307475, at *13 (E.D. La. Feb. 17, 2004) (finding substantial similarity between two occurrences of falls from a ladder, both manufactured with the same allegedly defective fiberglass); *see also Nester v. Textron, Inc.*, No. 13-920, 2015 WL 7272249, at *4 (W.D. Tex. Nov. 17, 2015) (collecting additional cases). Additionally, in cases where courts have found no substantial similarity, the accidents in question had glaring differences that are not present in this case. *See, e.g., Guy v. Crown Equip. Corp.*, 394 F.3d 320, 328-29 (5th Cir. 2004) (affirming district court's exclusion of evidence of prior accidents involving different model of forklift and different types of injuries); *Johnson*, 988 F.2d at 580

(affirming district court's exclusion of evidence of prior accidents because there was no substantial similarity given different models of vehicle and different alleged defects); *Peters v. Nissan Forklift Corp. N. Am.*, No. 06-2880, 2008 WL 2625522, at *2 (E.D. La. Feb. 1, 2008).

Though there are differences between the conditions of the 2008 fire and the fire at the heart of this litigation, these differences go to the weight that is to be given to this evidence, not the admissibility. *Jackson*, 788 F.2d at 1083 (citations omitted); *Brazos River*, 469 F.3d at 427. They do not, however, warrant the exclusion of all evidence related to the 2008 fire.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __28th__ day of October, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE